# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and WAI HUNG LO, Revenue Agent,<br><br>    Petitioners,<br><br>v.<br><br>RICHARD BISHOP,<br><br>    Respondent. | CASE NO. 09-4614-SI<br>[PROPOSED]<br>ORDER (1) ENFORCING IRS SUMMONS, (2) ADOPTING REPORTING AND RECOMMENDATION, AND (3) CLOSING CASE |

Presently before the Court is Magistrate Judge Spero's Report and Recommendation that the Verified Petition to Enforce IRS Summons Be Granted. (hereafter, "Recommendation," Docket Item No. 10.)

Pursuant to Federal Rule of Civil Procedure 72(b), any objection to a Magistrate Judge's recommendation must be made within 10 days. See Civil L.R. 72-3; 28 U.S.C. § 636(b)(1)(B). No objection has been filed to date. The Court has reviewed the record of the proceedings before Judge Spero and finds that Judge Spero's Recommendation should be adopted. See Civ. L.R. 72-3(c). Accordingly, the Court ADOPTS Judge Spero's Recommendation and GRANTS Plaintiffs' petition to enforce Internal Revenue Summons under 26 U.S.C. § 7602(a).

Respondent is hereby ORDERED to appear before Revenue Agent Wai Hung Lo, or any designated agent, **on or before April 22, 2010, at 9:00 a.m.**, at the Offices of the Internal Revenue Service, 1301 Clay Street, Suite 990S, Oakland, California, 94612, and then and there

give testimony relating to the matters described in the subject Internal Revenue Service summons, copies of which are attached hereto as Exhibits A and B, and produce for the Revenue Agent's inspection and copying the records described in the attached Internal Revenue Service summons. Failure to comply with the instant order may be grounds for a finding of contempt. See, e.g., United States v. Ayres, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of contempt, where party failed to comply with court order directing him to provide testimony and produce records to IRS).

In addition, the Court ORDERS the Clerk of Court to close this case. Plaintiffs may move to re-open the case upon a showing that a further hearing is necessary.

Plaintiffs are directed to serve a copy of this ORDER, Exhibit A, and Exhibit B on respondent in accordance with Fed. R. Civ. P. 4.

Dated: February 16, 2010

_____
SUSAN ILLSTON
United States District Court Judge



# Summons

In the matter of: Richard Bishop and Jan Bishop 36536 Cherry Street, Newark, California 94560
Internal Revenue Service (Division): Small Business / Self Employed Division
Industry/Area (name or number): Area 7
Periods: Calendar years ended December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007

### The Commissioner of Internal Revenue

To: Richard Bishop
At: 36536 Cherry Street, Newark, California 94560

You are hereby summoned and required to appear before Internal Revenue Agent, Wai Hung Lo, and/or his designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

This summons is for your appearance for testimony and for you to produce any and all documents and records requested from January 1, 2004 through December 31, 2007 pertaining to the above named individuals, including, but not limited to:
1. Accounting records, balance sheet, profit and loss statements, trial balance, general ledger, accounts receivable and accounts payable ledgers for all businesses and all years.
2. Employment Tax Returns, Forms 940, Forms 941, Forms W2, Forms W3, and related records for all businesses and all years.
3. State Sales Tax Returns for all businesses and all years.
4. Documents for the property at 3428 Enterprise Avenue, Hayward, CA 9454 including final HUD Closing Statements, loan application, copies of documents submitted for loan application including but not limited to profit and loss statement, balance sheet, proof of income, etc.
5. Other records recording all income and expenses for all businesses and all years.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
1301 Clay Street, Suite 990S, Oakland, California 94612   Telephone number: 510-637-4594

**Place and time for appearance at** 1301 Clay Street, Suite 990S, Oakland, California 94612

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the __1st__ day of __July__, __2009__ at __9:00__ o'clock __a.__ m.
Issued under authority of the Internal Revenue Code this __18th__ day of __June__, __2009__.

Signature of issuing officer
Signature of approving officer (if applicable)

Internal Revenue Agent, ID #0247577
Title
Group Manager, ID#0127088
Title

EXHIBIT A

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 6/18/09 | 7:15 Am |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|---|---|
| Wai Hung _ | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: 6/18/09    Time: 7:15 Am

Name of Noticee: Jan Bishop

Address of Noticee (if mailed): 36536 Cherry Street, Newark, California 94560

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☑ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| Wai Hung _ | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| Wai Hung _ | Revenue Agent |

Form **2039** (Rev. 12-2008)



OFFICE OF THE CHIEF COUNSEL

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
160 SPEAR STREET, 9TH FLOOR
SAN FRANCISCO, CA 94105
(415) 227-5168
FAX: (415) 227-5159

CC:SB7:SF:2:KJRomey
GL-131957-09

JUL 1 0 2009

**Via Regular Mail**

Stephen C. Beefer
International Tax Advisors, Inc.
1275 Barclay Blvd.
Buffalo Grove, IL 60089

Re: Summons Served on Mr. Richard Bishop on June 18, 2009

Dear Mr. Beefer:

    The Small Business/Self-Employed California Area Collection (Examination) of the Internal Revenue Service has notified our office that your client, Mr. Richard Bishop, did not comply with the provisions of the summons served on him on June 18, 2009. Under the terms of the summons, he was required to appear before Revenue Agent Wai Hung Lo on July 1, 2009 to give testimony and produce documents. A copy of the summons is enclosed.

    Mr. Charles Nelson, of your office, informed the Revenue Agent by fax on June 29, 2009 that Mr. Bishop would not be complying with the summons, that the requested documents would be supplied at a later date but that Mr. Bishop would not comply with the summons to testify under any circumstances, and that he believed that the summons was invalid. Mr. Nelson is mistaken. The Summons issued on Richard Bishop on June 18, 2009 is valid and enforceable and Mr. Bishop is required under I.R.C. § 7604 to both testify and produce the requested documents.

    In his fax, Mr. Nelson refers to the Form 2039 Part D and incorrectly points out that one must receive 20 days from the date of the Notice in order to exercise a right to quash the Summons. That section of the form refers to a "Third Party Summons." The summons at issue is not a third party summons but rather a summons to the taxpayer himself. Therefore, the 20 day notice period does not apply to the summons at issue. I.R.C. Section 7605(a) requires a ten day period of notice for first party summons. The time period commences on the date of service and is counted forward to the appearance date. In this instance, service took place on June 18, 2009, and your client was required to appear on July 1, 2009. July 1, 2009 is 13 days after the date of service and is well within the Section 7605(a) statute requirements. Additionally, Mr. Nelson argues that giving testimony would somehow violate Mr. Bishop's rights under the Internal Revenue Code and the Fourth, Fifth, and/or Fourteenth Amendments of the United States Constitution. Contrary to his erroneous assertion, the Internal Revenue Code § 7604 does specifically require that a properly summonsed individual "The

**EXHIBIT** B

summons interview will be conducted in compliance with both the Internal Revenue Code and the United States Constitution and Mr. Bishop is free to assert any claims of privilege that he has good faith and a reasonable belief applies.

Moreover, I would like to remind you as Revenue Agent Lo's June 17, 2009, letter stated, Section 10.20(a)(1) of Circular 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries and Appraisers,* requires a practitioner, upon a proper and lawful request by a duly authorized employ for the Internal Revenue Service to promptly submit records or information in any manner before the internal Revenue Service unless the Practitioner believes in good faith and on reasonable grounds that their records or information are privileged. Section 1023 of Circular 230 prohibits a practitioner from unreasonably delaying the prompt disposition of any matter before the Internal Revenue Service.

Legal proceedings may be brought against your client in the United States District Court for not complying with this summons. To avoid such proceedings, he is to appear before Revenue Agent:

Name: Wai Hung Lo
Date: July 21, 2009
Time: 9:00
Address: 1301 Clay Street, Suite 990S
Oakland, CA 94612

Any books, records or other documents called for in the summons should be produced at that time. If you have any questions, please contact Revenue Agent Wai Hung Lo at 510-637-4594.

Sincerely,

REBECCA DUEWER-GRENVILLE
Associate Area Counsel
(Small Business/Self-Employed: Area 7)

By: _____
Kaelyn J. Romey
Attorney (San Francisco)
(Small Business/Self-Employed)

Enclosure (1)
   Copy of the original summons